UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICE BROWN<br>    Plaintiff | )  CIVIL ACTION<br>)<br>) |
| v. | )  JURY TRIAL DEMANDED<br>) |
| GOOD SHEPHERD AUTO SALES, LLC AND<br>AUTOFLOW FINANCING, LLC<br>    Defendant | )<br>)<br>)<br>)  DECEMBER 31, 2013 |

## COMPLAINT

### Introduction

1. This is an action brought by a consumer against Good Shepherd Auto Sales, LLC ("the Dealership") for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, the Magnuson-Moss Federal Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*  Plaintiff also asserts pendent state law claims against the Dealership for violation of the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.,* the Connecticut Uniform Commercial Code ("UCC"), Conn Gen. Stat. §§ 42a-2-101 *et seq.* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*  Plaintiff also asserts claims against the holder of the Contract, Autoflow Financing, LLC ("Autoflow") pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g, as well as for its independent violations of CUTPA, RISFA and UCC.

2. Plaintiff Patrice Brown is a consumer residing in Hartford, Connecticut.

3. The Dealership is a Connecticut Limited Liability Company that operates a motor vehicle dealership in Hartford, Connecticut.

4. The Dealership is the successor in interest to Ellington Auto Sales & Financing, LLC ("Ellington").

5. Autoflow is a Connecticut Limited Liability Company that accepts assignment of Retail Installment Sales Contracts from the Dealership and other commonly-owned motor vehicle dealerships.

6. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 15 U.S.C. § 1693m(g) and Fed. R. Civ. P. 18(a).

7. This Court has jurisdiction over defendants because they are located in Connecticut and regularly do business in Connecticut.

8. Venue in this Court is proper, because the transaction alleged herein occurred in this state.

9. On or around July 23, 2013, Plaintiff visited Ellington for the purpose of purchasing a 2002 Buick Regal ("the Vehicle").

## TRUTH IN LENDING ACT

10. After Plaintiff agreed to purchase the Vehicle, the Dealership entered into two separate financing agreements with Plaintiff; one in the amount of $1,850, which Plaintiff was to pay in 18 weekly installments of $45.00.  The second was for the balance of the Vehicle's purchase price, which she was to pay in weekly payments of $78. 44.

11. The Dealership failed to provide Plaintiff with a copy of the Retail Installment Sales Contract ("RISC") for the financed balance of the Vehicle purchase price, in violation of TILA, 15 U.S.C. § 1638 and 12 C.F.R. § 226.5.

12. For its violations of TILA, the Dealership is liable to Plaintiff for statutory damages of $2,000 plus her actual damages, and a reasonable attorney's fee pursuant to 15 U.S.C. § 1640.

## ELECTRONIC FUNDS TRANSFER ACT

13. Although Plaintiff possessed a prepaid debit account that she could use in order to pay the installment payments for the Vehicle, the Dealership required that she open a TD Bank checking account as a condition of financing the Vehicle so that it could automatically debit her weekly payments.

14. Believing that she could not finance the Vehicle without a checking account, Plaintiff agreed to open a TD Bank checking account ("the TD Account"), and she completed the required paperwork at Ellington on July 23, 2013.

15. By conditioning the extension of credit to Plaintiff on her repayment by means of preauthorized electronic fund transfers, the Dealership violated EFTA, 15 U.S.C. § 1693k.

16. For the Dealership's violations of EFTA, Plaintiff is entitled to her actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1693m.

## FIRST REPOSSESSION- UNIFORM COMMERCIAL CODE & RETAIL INSTALLMENT SALES FINANCE ACT VIOLATIONS

17. Plaintiff accepted delivery of the Vehicle on July 24, 2013.

18. On or around August 29, 2013, Autoflow repossessed the Vehicle by electronically disabling it.

19. Prior to electronically disabling the Vehicle, Autoflow failed to send Plaintiff notice that complied with UCC, Conn. Gen. Stat § 42a-9-609.  Specifically, Autoflow:

   a. Failed to provide Plaintiff with fifteen days notice of the intended repossession, in violation of Conn. Gen. Stat § 42a-9-609(d)(3)(A). Specifically, notice was dated August 9, 2013, but it was not mailed until August 13, 2013.  The notice stated that Autoflow would resort to electronic self help on or after August 24, 2013.  Consequently, Autoflow failed to give the required notice that it would resort to electronic self help on a date that was at least fifteen days after the communication of the notice.

   b. Failed to state with specificity the nature of the claimed breach entitling Autoflow to disable the Vehicle, as required by Conn. Gen. Stat. § 42a-9-609(d)(3)(B).

   c. Failed to provide the name and title of a person representing Autoflow with whom Plaintiff could communicate about the Vehicle and account, in violation of Conn. Gen. Stat. §42a-9-609(d)(3)(C).

20. Additionally, prior to the repossession, Autoflow failed to send the notices permitted by Conn. Gen. Stat. § 36a-785(b), in violation of RISFA and, having not sent that voluntarily notice, it failed to send the notices required by Conn. Gen. Stat § 36a-785(c), in violation of RISFA.

21. Following the deactivation of the Vehicle, Plaintiff contacted Autoflow for the purpose of making a payment.

22. As a condition of redemption and reactivation, Autoflow demanded that Plaintiff pay, in addition to the amount due under the RISC, amounts greater than those which would be required by Conn. Gen. Stat. § 36a-785(c), in further violation of RISFA. Specifically, Autoflow required that Plaintiff pay a past due balance owed on a promissory note for a portion of the down payment, which obligation did not include any security interest in the Vehicle.

23. Relying on the representations of Autoflow, Plaintiff did in fact pay the inflated amount in order to redeem the Vehicle.

24. For Autoflow's violations of RISFA, Plaintiff is entitled to statutory damages pursuant to Conn. Gen. Stat. § 36a-785(i).

25. For Autoflow's violations of UCC, Plaintiff is entitled to statutory damages pursuant to Conn. Gen. Stat. § 42a-9-625(c)(2).

<u>SECOND REPOSSESSION- UNIFORM COMMERCIAL CODE & RETAIL INSTALLMENT SALES FINANCE ACT VIOLATIONS</u>

26. On or around September 27, 2013, Autoflow again repossessed the Vehicle by electronically disabling it.

27. Autoflow did not send any notices in connection with the second repossession, in violation of Conn. Gen. Stat. § 42a-9-609 and Conn. Gen. Stat. § 36a-785(c).

28. At the time Autoflow disabled the Vehicle, it was parked in the parking lot at Plaintiff's workplace.

29. Plaintiff was unable to immediately reactivate the car because, by the time that she discovered the car had been disabled, Autoflow had closed for the weekend.

30. On or around October 10, 2013, Plaintiff contacted Autoflow and inquired as to the amount required in order to reactivate the Vehicle.

31. The Autoflow representative with whom Plaintiff spoke told Plaintiff that she would have to pay $667 in order to redeem the Vehicle and, that if she did not redeem that day, the price would increase by $124.44.

32. At the time Autoflow made these statements, the Vehicle was still in the parking lot of Plaintiff's place of employment, and it remained there on October 11, 2013.

33. As a condition of redeeming the Vehicle after the second repossession, Autoflow requested that Plaintiff pay amounts greater than those which would be required by Conn. Gen. Stat. § 36a-785(c), in violation of RISFA.  Specifically, Autoflow required that Plaintiff pay a past due balance owed on a promissory note for a portion of the down payment, which obligation did not include any security interest in the Vehicle.

34. For Autoflow's violations of RISFA, Plaintiff is entitled to statutory damages pursuant to Conn. Gen. Stat. § 36a-785(i).

35. For Autoflow's violations of UCC, Plaintiff is entitled to statutory damages pursuant to Conn. Gen. Stat. § 42a-9-625(c)(2).

<u>REVOCATION OF ACCEPTANCE/ CONTRACTUAL RESCISSION</u>

36. Approximately two weeks after accepting delivery of the Vehicle, Plaintiff began to experience significant mechanical defects with the Vehicle, including the activation of the check engine light, the tire light and the oil light.

37. Despite having the opportunity to repair the Vehicle, the Dealership failed to make repairs in accordance with the written warranty, and it refused to honor Plaintiff's request to return the Vehicle.

38. On or around August 21, 2013, Plaintiff obtained a Carfax Vehicle History Report for the Vehicle and learned that the Vehicle had been in a significant accident.

39. The Dealership had failed to disclose the accident to Plaintiff at the time of purchase.

40. The Vehicle's defects that resulted from the accident render the Vehicle unsafe to drive and significantly impair the value of the Vehicle to Plaintiff.  Specifically, the Vehicle sustained severe structural damage to the front unibody of the car, and the damage to the Vehicle's bumper negatively impact the function of the air bag timing.

41. The Vehicle was sold with a warranty that guaranteed the Vehicle would be mechanically operational and sound for the lesser of 30 days or 1,500 miles.

42. The Dealership's 30 day or 1,500 mile guaranty constituted an express warranty under Conn. Gen. Stat. § 42a-2-313, which warranty has been breached.

43. The Dealership has also breached the implied warranty of merchantability, Conn. Gen. Stat. § 42a-2-314 because the Vehicle would not pass in trade under the description of a 2002 Buick Regal LS, or it is not reasonably fit for the ordinary purposes of a 2002 Buick Regal LS is ordinarily used or both.

44. On or around October 15, 2013, Plaintiff, by her attorneys, contacted The Dealership and Autoflow in writing and notified them of her revocation of acceptance of the Vehicle.

45. Plaintiff has restored The Dealership as nearly as possible to its pre-contractual position.

46. For The Dealership's breaches of Warranty, Good Shepherd is liable to Plaintiff under Article 2 of the UCC and MMWA, entitling her to revocation of acceptance of the Vehicle, plus attorney's fees and costs.

47. Alternatively, by failing to provide Plaintiff with a copy of the RISC, The Dealership also violated RISFA, Conn. Gen. Stat. 36a-771(a).  Furthermore, through its violations of TILA, The Dealership further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

48. For The Dealership's violations of RISFA,  Plaintiff is entitled to rescission of the contract.

## CONNECTICUT UNFAIR TRADE PRACTICES ACT

49. Through its above-described conduct, The Dealership violated CUTPA.

50. Through its above-described conduct, Autoflow violated CUTPA.

51. As a result of the conduct of the defendants, Plaintiff suffered ascertainable losses and damages, including, but not limited to, financial loss in the form of monies not required to be paid by law or under the contract, rental vehicle fees, opening and management of a bank account that Plaintiff did not need or desire, purchase of a Vehicle that was worth significantly less than what Plaintiff paid for it, and purchase of a Vehicle that she did not desire.

52. For Defendants' violations of CUTPA, Plaintiff is entitled to her damages plus punitive damages and a reasonable attorney's fee.

## AUTOFLOW'S LIABILITY AS HOLDER OF THE CONTRACT

53. On or around October 15, 2013, Autoflow was notified in writing of The Dealership's violations of RISFA and Plaintiff's claims for revocation of acceptance, breach of warranty and violation of CUTPA.

54. Because Autoflow retained the benefits of the contract notwithstanding its knowledge of The Dealership's violations of RISFA, it is barred from recovering any interest, delinquency or collection charge, pursuant to Conn. Gen. Stat § 36a-786.

55. Pursuant to the terms of the contract, Autoflow is liable to Plaintiff for all claims asserted under the Contract up to the amounts paid under the contract, and because The Dealership was provided with written notice of Plaintiff's claims, its liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

**Wherefore, Plaintiff claims,** actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); her actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1693m; actual damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. § 2310; incidental and consequential damages pursuant to Conn. Gen. Stat. § 42a-2-715;  an order that acceptance of the vehicle has been properly revoked, or, alternatively rescission of the contract and a return of the amounts paid thereunder; actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d).

                PLAINTIFF, PATRICE BROWN

By: /s/ Hailey Gallant Rice
    Daniel S. Blinn, ct02188
    dblinn@consumerlawgroup.com
    Hailey Gallant Rice, ct29150
    hgrice@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457